**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM GOMEZ,<br><br>      PLAINTIFF,<br><br>v.<br>SNICKERS INC., and FIRST BANKS, INC., d/b/a First Bank, f/k/a Maywood-Proviso State Bank, as trustee of a Trust Agreement dated April 1, 1971 and known as Trust Agreement No. 2758<br><br><br>      DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 15 cv 8384<br><br>Hon. Rebecca R. Pallmeyer<br><br>Hon. Sidney I. Schenkier<br><br>Jury Trial Demanded |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, SNICKERS INC. ("SNICKERS"), by and through its attorneys, ANDREOU & CASSON, LTD., and for its Answer to Plaintiff's Complaint at Law, states as follows:

## INTRODUCTION

1.    Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the restaurant and bar known as "Snickers Bar & Grill", even though such removal is readily achievable.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 1.

2.    The violations alleged in this complaint occurred at the restaurant and bar known as "Snickers Bar & Grill", located at 448 N State St, Chicago, IL 60654.

**ANSWER**: Defendant, SNICKERS, admits that it conducts business at 448 N. State Street, Chicago, Illinois, but denies the remaining allegations set forth in Paragraph 2.

3. Defendants' failure to provide equal access to "Snickers Bar & Grill" violates the mandates of the ADA and the IHRA to provide full and equal access to "Snickers Bar & Grill" violates the mandates of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges and advantages.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 3.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law, Defendant Snickers Inc., was given advance notice that its facilities contained accessibility barriers through a letter sent on April 7, 2015, prior to the initiation of the instant suit for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 4.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and in injection requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

**ANSWER**: Defendant, SNICKERS, offers no answer to the allegations set forth in Paragraph 5, as no facts are alleged which can be admitted or denied.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court has concurrent jurisdiction over the federal cause of action and has original jurisdiction over the state cause of action pursuant to 775 ILCS 5/10-102.

2

**ANSWER**: Defendant, SNICKERS, admits that the Federal Northern District Court of Illinois has jurisdiction over this matter.

7.     Venue in this judicial district is proper pursuant to 735 ILCS 5/2-101 because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

**ANSWER**: Defendant, SNICKERS, admits that Jurisdiction is proper in the Federal Northern District of Illinois.

## PARTIES

8.     Plaintiff William Gomez is a resident of the city of Chicago, Illinois. Plaintiff Gomez suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 USC § 12102(2), and the IHRA, 775 ILCS 5/1-103(1).

**ANSWER**: Defendant, SNICKERS, states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 8, and therefore, denies all such allegations.

9.     Plaintiff William Gomez suffers from a spinal injury resulting from combat during his military service. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is required to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

**ANSWER**: Defendant, SNICKERS, states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 9, and therefore, denies all such allegations.

10.     Defendant Snickers Inc., and Illinois business corporation, is the operator of the real property and improvements which are the subject of this action, the restaurant and bar, "Snickers Bar & Grill" a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 448 N State St Chicago, IL 60654.

**ANSWER**: Defendant, SNICKERS, admits that it is an Illinois Business Corporation. Defendant, SNICKERS, denies the remaining allegations set forth in Paragraph 10.

11.     Defendant First Banks, Inc., a Missouri Corporation, d/b/a First Bank, successor trustee to Maywood Proviso State Bank trust number 2758, an Illinois limited liability company, the owner of the real property and improvements which are the subject of this action, the restaurant and bar, "Snickers Bar & Grill", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 448 N State St Chicago, IL 60654.

**ANSWER**: Defendant, SNICKERS, states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 11, and therefore, denies all such allegations.

## FACTUAL BACKGROUND

12.     On or around July 22, 2015, Plaintiff Gomez attempted to visit "Snickers Bar & Grill" which is located approximately five miles from his apartment.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 12.

13.     Upon arrival, Plaintiff Gomez could not find an accessible entrance.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 13.

14.     The public entrance to "Snickers Bar & Grill" had a step approximately five inches above the sidewalk level between the doorway and the sidewalk. Photographs in Exhibit A to this Complaint show the doorway of the entrance to "Snickers Bar & Grill".

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 14.

15.     No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 15.

16.     In light of the architectural barriers at "Snickers Bar & Grill", Plaintiff Gomez is deterred from visiting "Snickers Bar & Grill" in the future. He is unable to enter "Snickers Bar & Grill". Plaintiff Gomez would like to be able to patronize "Snickers Bar & Grill", but these architectural barriers deter his from doing so. He plans to return and patronize "Snickers Bar & Grill" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 16.

17.     Plaintiff Gomez attempted to access Defendants' premises but could not do so independently on a full and equal basis because of her (sic) disabilities, due to the physical barriers to access and violations of the ADA and IHRA that exist at Defendants' premises. As a result of Defendants' non-compliance with the AFA and IHRA, Plaintiff Gomez cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 17.

## **FACT ALLEGATIONS**

18.     Defendants have discriminated against Plaintiff Gomez on the basis of his disability by failing to comply with the requirements of the ADA, the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "Snickers Bar & Grill". A specific, though not exclusive list of unlawful physical barriers and violations present "Snickers Bar & Grill" which limited the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, including the following:

a.      "Snickers Bar & Grill" does not have an accessible route to its public entrance from the public sidewalk in violation of ADAAG 206.2.1

b.      The route to the "Snickers Bar & Grill" public entrance has a change in level greater than half an inch but does not have a ramp, in violation of ADAAG 206.1, 403.4, and 303.2.

c.      To the extent that "Snickers Bar & Grill" has an accessible entrance, the entrance is not marked as accessible, in violation of ADAAG 216.6.

d.      To the extent that "Snickers Bar & Grill" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any) is not marked with directional signage, in violation of ADAAG 216.6.

**ANSWER**: Defendant, SNICKERS, offers no answer to the allegations set forth in Paragraph 18 as they seek a legal conclusion rather than facts that can be admitted or denied.

a.      Defendant, SNICKERS, offers no answer to the allegations set forth in Paragraph 18a as they seek a legal conclusion rather than facts that can be admitted or denied.

b.      Defendant, SNICKERS, offers no answer to the allegations set forth in Paragraph 18b as they seek a legal conclusion rather than facts that can be admitted or denied.

c.       Defendant, SNICKERS, offers no answer to the allegations set forth in Paragraph 18c as they seek a legal conclusion rather than facts that can be admitted or denied.

d.       Defendant, SNICKERS, offers no answer to the allegations set forth in Paragraph 18d as they seek a legal conclusion rather than facts that can be admitted or denied.

19.     The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff or which exists at "Snickers Bar & Grill".

**ANSWER**: Defendant, SNICKERS, offers no answer to Paragraph 19 as no factual allegations are set forth which can be admitted or denied.

20.     In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Snickers Bar & Grill" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG  and the ILCS.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 20.

21.     Compliance with the ADA stands are the ADAAG is required by 42 USC § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA stands and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers.  Some of the above listed violations can be remedies through the same measures prescribed by federal regulations as examples of modifications that are "readily achievable" including but not limited to, installing ramps. 28 CFR § 36.304(c).

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 21.

22.     As a persona with a disability, Plaintiff Gomez has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 22.

23.     Without injunctive relief, Defendants' Failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Snickers Bar & Grill" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of her (sic) rights under the ADA.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 23.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 1201 *et seq.***

24.     Plaintiff incorporates and re-alleges the above paragraphs.

**ANSWER**: Defendant, SNICKERS, incorporates and re-alleges its responses to Paragraphs 1-23 as if fully set forth herein.

25.     Section 302(a) of Title II of the ADA, 42 USC §§ 12101 *et seq*., provides:

**ANSWER**: Defendant, SNICKERS, offers no response to Paragraph 25 as the statute speaks for itself.

26.     Under Section 302(b)(1) of Title II of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

**ANSWER**: Defendant, SNICKERS, offers no answers to the allegations set forth in Paragraph 26 as they seek a legal conclusion rather than facts that can be admitted or denied.

27.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities of a full and equal basis in violation of 42 USC § 12182(a) and the regulations promulgated thereunder,

8

including the ADAAG, as described above. Plaintiff Gomez has been denied full and equal access to "Snickers Bar & Grill" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 27.

28.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 28.

29.     Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Gomez, even though removing the barriers is readily achievable.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 29.

30.     Plaintiff Gomez plans to visit "Snickers Bar & Grill" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return to visit "Snickers Bar & Grill" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 30.

31.     This Court has authority under 42 USC § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to Make "Snickers Bar & Grill" readily accessible to and independently usable  by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Snickers Bar & Grill" until such a time as Defendants cure the access barriers.

**ANSWER**: Defendant, SNICKERS, offers no answer to Paragraph 31 as it seeks a legal conclusion rather than facts that can be admitted or denied.

32.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 USC §§ 12205, 12117, and 28 CFR 36.505.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 32.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/1-101 *et seq.***</u>

33.     Plaintiff incorporates and re-alleges the above paragraphs.

**ANSWER**: Defendant, SNICKERS, incorporates and re-alleges its responses to Paragraphs 1-32 as if fully set forth herein.

34.     775 ILCS 5/5-102 provides:

It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

**ANSWER**: Defendant, SNICKERS, offers no response to Paragraph 34 as the statute speaks for itself.

35.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities of a full and equal basis in violation of the IHRA as described above. Plaintiff Gomez has been denied full and equal access to "Snickers Bar & Grill" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 35.

36.     Defendants have failed to any prompt and equitable steps to remedy their discriminatory conduct, Defendants' violations of the IHRA are ongoing.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 36.

37.     Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Gomez, even though removing the barriers is readily achievable.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 37.

38.     Plaintiff Gomez plans to visit "Snickers Bar & Grill" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return to visit "Snickers Bar & Grill" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 38.

39.     This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Snickers Bar & Grill" readily accessible to and independently useable by individuals with disabilities to the extent required by IHTA and/or to close "Snicker Bar & Grill" until such time as Defendants cure the access barriers.

**ANSWER**: Defendant, SNICKERS, offers no answer to Paragraph 39 as it seeks a legal conclusion rather than facts that can be admitted or denied.

40.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

11

**ANSWER**: Defendant, SNICKERS, denies the allegations set forth in Paragraph 40.

WHEREFORE, the Defendants, SNICKERS, Inc., denies that the Plaintiff is entitled to judgment is any sum, and respectfully request that this Honorable Court enter an order dismissing this action with prejudice, for costs of suit, and for any other relief deemed just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint and each purported cause of action asserted against Defendant SNICKERS fails to set forth facts sufficient to constitute a claim and/or state a claim upon which relief may be granted.

2.      Plaintiff lacks standing to bring the cause of action asserted in his Complaint and, to the extent he has standing to being his Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth therein. Plaintiff further lacks standing to challenge any alleged barriers identified in his Complaint for which he fails to explain how the barriers allegedly impaired his ability to access SNICKERS.

3.      If Defendant SNICKERS is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant, SNICKERS expressly denies, such injuries or damages have been caused by or contributed by others, and Defendant, SNICKERS' proportional liability, if any, should be reduced to the extent thereof.

4.      The accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, not are alternative methods readily achievable, easily accomplishable, technically feasible, would create safety hazards, and/or result in an undue burden on Defendant, SNICKERS, and others.

12

5.      Plaintiff's claims are barred by the doctrine of estoppel and waiver as Plaintiff failed to take reasonable measures to learn of or use the accessible facilities SNICKERS. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to SNICKERS prior to initiating his lawsuit.

6.      Defendant, SNICKERS, did not intentionally impede or impair access to Plaintiff and alleges that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

7.      Plaintiff is not entitled to recover any attorneys' fees and costs under the Americans with Disabilities Act ("ADA"), nor is he entitled to recover attorneys' fees and costs under 775 ILCS 5/10-102.

8.      Plaintiff's claims are barred to the extent that he is a vexatious litigant.

9.      Plaintiff cannot establish standing based on alleged tester status.

10.      Upon information and belief, is assuming *arguendo,* that ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimus* and within applicable construction tolerances.

11.      Plaintiff's claims are barred, in whole or in part, as Defendant, SNICKERS did not build or alter the entrance to the facility, of which Plaintiff now complains; SNICKERS is not a successor in any interest to any entity that did so.

Defendant, SNICKERS reserves the right to plead any additional Affirmative Defenses as they become knowns or available during the pendency of this litigation.

## **CONCLUSION**

WHEREFORE, Defendant, SNICKERS INC., denies that Plaintiff is entitled to monetary, declaratory or injunctive relief, or judgment in any sum, and respectfully requests that

the Court enter a judgment in its favor with costs and attorneys' fees assessed against the

Plaintiff, and for any other relief deemed just and proper.

**Jury Trial Demanded**

Date: October 28, 2015                    Respectfully Submitted,

                                          ANDREOU & CASSON, LTD.

                                          By: _/s/ **_Courtney E. Lindbert_**_____
                                                   Courtney E. Lindbert
                                                   Attorney for the Defendant

Frank J. Andreou
6228760
Courtney E. Lindbert
6299342
ANDREOU & CASSON, LTD.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
(312) 935-2000/ (312) 935-2001